UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARK HARRIS,

        Plaintiff,                      Case No. 1:07-cv-245

v.                                          Honorable Robert Holmes Bell

JOHN RUBITSCHUN et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is incarcerated in the Parnall Correctional Facility. In his *pro se* complaint, he sues Michigan Parole Board Chairman John Rubitschun and Michigan Parole Board members Stephen DeBoer and Charles Braddock. In 1998, Plaintiff pleaded guilty to second-degree home invasion and was sentenced to imprisonment of two to fifteen years. He was released on parole on March 2, 1999. Following a parole violation in 2003, Plaintiff's parole was revoked and he was returned to the custody of the Michigan Department of Corrections (MDOC). Plaintiff's action concerns the subsequent denial of his parole by the Michigan Parole Board.

The Michigan Parole Board must follow the parole guidelines promulgated by the MDOC. *See* MICH. COMP. LAWS § 791.233(e)(5). The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). When Plaintiff was considered for parole in 2005, he scored as having a high probability of parole. On August 8, 2005, the parole board issued a decision denying Plaintiff's parole. The parole board provided the following substantial and compelling reason for departing from the parole guidelines: "P was involved in a very serious assault while on parole. There is insufficient program participation or evidence that P has gained insight into his assaultive behavior. PB considers P a risk to the general public safety." (12/8/05 Parole Board Notice of Decision, Exh. B.)

Plaintiff was re-considered for parole after twelve months. He had completed one year of assaultive offender therapy and a copy of his Therapy Termination Report was provided to

the parole board. (10/18/06 Therapy Termination Report, Ex. C.) Plaintiff continued to score as having a high probability of parole. During his parole interview with Defendant DeBoer, Plaintiff claims that he accepted full responsibility for his actions and expressed remorse for the victim involved in the parole violation. On January 27, 2007, the parole board issued another decision denying Plaintiff's parole. The board provided the following substantial and compelling reason for departing from the parole guidelines: "In spite of the completion of recommended assaultive offender therapy, P's continued minimization of his criminal behavior is indicative of his lack of insight and therefore P is still considered a risk to the general public safety." (1/27/07 Parole Board Notice of Decision, Ex. A.)

Plaintiff claims that Defendants violated Michigan law and his Fifth and Fourteenth Amendment due process rights by ignoring his positive Therapy Termination Report. He also alleges that Defendants violated state law and his due process rights by failing to provide a valid substantial and compelling reason for departing from the parole guidelines. Plaintiff argues that after he completed assaultive offender therapy, the parole board no longer had a substantial and compelling reason for the departure. Plaintiff seeks declaratory and injunctive relief to prevent the parole board from violating Michigan law and his constitutional rights in making future parole decisions.

II. Failure to state a claim

As a general matter, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional

function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the United States Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* No. 05-1203, 2007 WL 935706, at *4 (6th Cir. Mar. 30, 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; rather, he requests declaratory and injunctive relief, which would prevent Defendants from violating his federal rights in future parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. Assuming that Plaintiff's action is cognizable under § 1983, he fails to state a claim.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     **Procedural Due Process**

Plaintiff claims that Defendants violated his due process rights in making their 2007 parole decision by ignoring his Therapy Termination Report and failing to provide a valid substantial and compelling reason for departing from the parole guidelines. Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v.*

*Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiffs argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiffs' arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at *1. Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

B.     **Substantive Due Process**

Plaintiff also contends that Defendants violated his substantive due process rights in denying his parole. Substantive due process "prevents the government from engaging in conduct that shocks the conscience, . . . or interferes with rights implicit in the concept of ordered liberty, . . . ." *United States v. Salerno,* 481 U.S. 739, 746, (1987) (internal quotation marks and citations omitted). Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, religion, or political beliefs, or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d 233, 236 n.2 (3d Cir. 1980), Plaintiff does not present any such allegations here. *See Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002) (considering substantive due process claim in context of parole). Moreover, it cannot be said that the actions of the parole board in continuing to deny Plaintiff release on parole either shock the conscience or interfere with rights implicit in the concept of ordered liberty. Plaintiff pleaded guilty to second-degree home invasion, which involved the breaking and entering of an occupied dwelling. He also has a history of parole and probation failure. In light of Plaintiff's criminal history, the parole board's decision cannot reasonably be considered to either shock the conscience or interfere with rights implicit in the concept of ordered liberty. Consequently, Plaintiff has failed to assert substantive due process claim.

C.     **State Law**

Plaintiff asserts violations of Michigan statutes and administrative rules governing the parole review process. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166. To the extent that Plaintiff's complaint presents allegations under state law, I recommend that the Court decline to

exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Therefore, I recommend that Plaintiff's state law claims be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 26, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).